## McQueen v. The State.

CRIMINAL LAW. *Murder. Old grudge. Malice.* If an old grudge be proven, and there is no new or sufficient legal provocation at the time of killing, yet it will be only murder in the second degree if the killing was the result of malice suddenly produced at the time without premeditation.

Case cited: *Copeland* v. *The State*, 7 Hum., 494.

### FROM JOHNSON.

Appeal in error from the Circuit Court of Johnson county. J. A. McKINNEY, J.

CALDWELL, GIBSON, BUTLER and DONNELLY for McQueen.

ATTORNEY GENERAL LEA for the State.

McFARLAND, J., delivered the opinion of the court.

The prisoner appeals from the judgment of the Circuit Court of Johnson county, sentencing him to be hanged for the murder of George Grindstaff, the verdict of the jury finding him guilty of murder in the first degree. The bill of exceptions sets out the evidence submitted to the jury, and the charge of the judge. It clearly appears that the deceased came to his death at the hands of the prisoner, but the circumstances of the killing are left in doubt owing to the unreliable character of the testimony of the principal witnesses. We do not say, however, what our conclusions would be if the charge of the judge was free from objection. The charge contains the following passage: "The law often implies malice from the manner in which the killing was done, as the weapon used, and then the burden of proof is on the defendant to show the absence of malice, and when it is clearly proven that an old grudge existed between the defendant and the deceased, the killing, if such be proved, will be referred to the old grudge, *unless the proof should show a new and sufficient legal provocation.*"

The latter part of this sentence is in no wise qualified or explained in other portions of the charge. It is erroneous in this, that it left the jury no alternative, in the aspect thus presented, but to find a verdict of murder in the first degree or voluntary manslaughter, if they believed the defendant guilty at all. There was proof of an old grudge. If the jury believed the old grudge clearly proven, then they were to refer the killing to this old grudge, unless the proof showed a new and sufficient legal provoca-

McQueen v. The State.

tion. If there was a new and sufficient legal provocation this would reduce the killing to manslaughter, but if this was not shown, then the killing would be referred to the old grudge, which would make it murder in the first degree; whereas the jury should have been instructed that although they might believe the existence of the old grudge proven, and although they might believe there was no new and sufficient legal provocation at the time, such as would reduce the offense to manslaughter, yet if they believed that the killing was the result of malice suddenly produced at the time without premeditation, they should find the prisoner guilty of murder in the second degree. This distinction will be found clearly stated in *Copeland* v. *The State*, 7 Hum., 494.  *    *    *    *

For the error indicated the judgment will be reversed and the prisoner remanded for a new trial.